IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IDALIA MONTALVO, | ) | |
| Plaintiff, | ) | C.A. No 06-424 ML |
| v. | ) | |
| OPTION ONE MORTGAGE CORPORATION, | ) | JURY DEMANDED |
| Defendant. | ) | |

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiff brings this action to secure damages for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, by a high-interest "subprime" mortgage company.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), 28 U.S.C. §1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. §1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. §1391(c).

**PARTIES**

4. Plaintiff Idalia Montalvo resides in a home which she owns at 275 Grove Street, Providence, Rhode Island . The home consists of three units.

5. Defendant Option One Mortgage Corp. (hereinafter "Option One") is a California corporation with its principal place of business at 3 Ada, Irvine, CA 92618. Option

One is registered to do business in Rhode Island.

6. Defendant Option One enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence. Defendant Option One has offices throughout the United States.

7. Defendant Option One is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**FACTS**

8. On or about September 26, 2005, Plaintiff Montalvo obtained a loan from Option One to refinance her residence. All of the proceeds of the loans were used for personal, family or household purposes.

9. In connection with the transaction, Plaintiff Montalvo signed or received respectively:

(a) A note, attached as Exhibit A;

(b) A mortgage, attached as Exhibit B;

(c) A 1-4 Family Rider / Assignment of Rents, attached as Exhibit C; and

(d) A Truth in Lending statement, attached as Exhibit D

10. Each of these documents is a standard form, commonly used in the mortgage industry.

11. The Truth in Lending disclosure statement (Exhibit D) failed to disclose that the loan documents created an extensive security interest in personal property, by means of the 1-4 Family Rider / Assignment of Rents (Exhibit C ). The 1-4 Family Rider creates a security interest in "building materials, appliances and goods of every nature whatsoever now or hereafter located in, or, or used, or intended to be used in connection with the Property . . . ." On its face,

this would encompass an automobile garaged at Plaintiff's residence, as well as all of Plaintiff's furnishings and household goods.

**COUNT I**

**TRUTH IN LENDING ACT VIOLATIONS**

12. Plaintiff incorporates ¶¶ 1-11 as if fully set out herein.

13. The Truth in Lending statement issued to Plaintiff Montalvo violated 15 U.S.C. §1638 and 12 C.F.R. §§226.17-226.18, entitling Plaintiff to damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Option One, for:

a. Statutory damages as specified in 15 U.S.C. §1640.

b. Attorney's fees, litigation expenses and costs.

a. Such other or further relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre,

Christopher M. Lefebvre, # 4019
Mark D. Lefebvre
CLAUDE LEFEBVRE
CHRISTOPHER M. LEFEBVRE, PC
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

JURY DEMAND

Plaintiff demands trial by jury.

/s/Christopher M. Lefebvre